# 25-607

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

Troix Nelson,

 *Plaintiff-Appellant*,

   v.

Kathleen S. Thomson, Individually and in her Official Capacity as Acting Deputy Commissioner, Sherrie Rembert, Individually and in her Official Capacity as Assistant Chief, Louis A. Molina, Individually and in his Official Capacity as Commissioner of Correction, Charisma Carter, in her Official Capacity as Warden, Asim Rehman, in his Individual and Official Capacity as Commissioner and Chief Administrative Law Judge, Peter Troxler, Union Attorney, Mercedes Maldonado, Union Attorney, Joey Jackson, Union Attorney, Joey Jackson Law, PLLC,

*(For Continuation of Caption See Inside Cover)*

On Appeal from the United States District Court
for the Southern District of New York

---

Brief of Appellant Troix Nelson,

Troix Nelson, Pro Se
1060 Sterling Place
Brooklyn, NY 11213
(347) 362-8357

Union Law Firm, Karasyk & Moschella, LLP,
Union Law Firm, Benny Boscio, Union President,
Correction Officers' Benevolent Association, Inc.,
Municipal Employee Organization, and the City of
New York,

*Defendants-Appellees*,

# TABLE OF CONTENTS

Table of Contents.................................................................................i

Table of Authorities...........................................................................ii

Preliminary Statement ........................................................................1

Jurisdictional Statement ....................................................................1

Statement of the Issues Presented for Review.................................2

Statement of the Case ........................................................................3

Statement of Facts .............................................................................4

Summary of the Argument ................................................................9

ARGUMENT POINT I........................................................................10

POINT II............................................................................................11

POINT III ..........................................................................................12

POINT IV . ........................................................................................13

CONCLUSION ..................................................................................15

Certificate of Compliance ................................................................16

Certificate of Service........................................................................17

# TABLE OF AUTHORITIES

**Statutes and Rules**

CPLR § 7802(A)................................................................................12

DOC Directive #7505.........................................................................13

CPLR § 217.......................................................................................14

New York State Civil Service Law section 75........................................14

New York State Civil Service Law section 77........................................14

## PRELIMINARY STATEMENT

Plaintiff-Appellant Troix Nelson ("Nelson" or "Plaintiff") appeals from a final judgment entered pursuant to a decision by the United States District Court for the Southern District of New York (Oetken, J), which granted Defendants' motions to dismiss; dismissing all of Plaintiff's federal claims.

## JURISDICTIONAL STATEMENT

The District Court below had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. And supplemental jurisdiction over state and local causes of action pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291. Final judgment was entered in the District Court below on February 11, 2025. Plaintiff filed a timely notice of appeal on March 13, 2025.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the District Court erred by misapprehending the facts?

Whether District Court erred by not naming Kathleen S. Thomson as the person that terminated Nelson's employment?

Whether Defendants Molina and Thomson violated state law procedures and city charter provisions which have the force and effect of law in Nelson's removal from service?

Whether the law firm defendants provided evidence and statements in the proceedings below that they were working with the City defendants?

## STATEMENT OF THE CASE

Nelson brought this action pursuant to 42 U.S.C. § 1983 for violations of his rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, and N.Y. Civil Service Law Section 75; the Rules of the City of New York (55 RCNY, Appendix A) 5.2.7; NYC Charter §§ 621, 815(f), and 1116; and for a *Monell* Claim.

### A.    The Course of Proceedings and Disposition Below

Nelson commenced this litigation by filing the Complaint on November 24, 2023 (ECF No. 1). On March 29, 2024, Nelson filed a letter application to amend the Complaint (ECF No. 35). On April 3, 2024 the district court granted Nelson's letter request in part, and denied it in part (ECF No. 36). On May 15, 2024 Nelson filed a letter request for an extension of time of one week due to illness to file his amended complaint (ECF No. 38). On May 20, 2024 the district court granted Nelson's request at ECF No. 38 (ECF No. 39). On May 24, 2024, Nelson filed his first amended complaint; it was entered on June 3, 2024 (ECF No. 42). On July 8, 2024, Nelson filed a letter application requesting leave of Court to extend the time to respond to the motions to dismiss (ECF No. 59). On July 16, 2024, the district court granted Nelson's request at ECF No. 59 (ECF No. 60). On August 15, 2024, Nelson filed his Declaration in Opposition (ECF No. 72). Also on August 15, 2024, Nelson filed the Declaration of Wayne Tatum in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss the First Amended Complaint (ECF No. 73).

On September 30, 2024, Nelson filed the Declaration of Wayne Tatum in support of Plaintiff's Opposition to Defendants Peter Troxler, Joey Jackson, and Joey Jackson Law, PLLC' Motion for Sanctions against Plaintiff (ECF No. 83). On September 30, 2024, Nelson filed his Declaration in Opposition to Defendants Peter Troxler, Joey Jackson, and Joey Jackson Law, PLLC' Motion for Sanctions against Plaintiff (ECF No. 84). On February 11, 2025, the District Court issued an Opinion and Order granting all Defendants' motions to dismiss the federal claims (ECF No. 87). On February 11, 2025, Clerk of Court Tammi M. Hellwig entered Judgment in favor of all defendants (ECF No. 88). On March 13, 2025, Nelson filed the Notice of Appeal (ECF No. 89).

## FACTS

1.  Nelson averred before the district court that he was originally appointed to his civil service position on June 27, 2016. See First Amended Complaint ("FAC") (ECF No. 42, ¶ 24).

2.  Nelson averred before the district court that since June 27, 2018, he held his civil service position by permanent appointment. (ECF No. 42, ¶ 38).

3.  On September 17, 2021, Nelson was charged administratively with allegations of misconduct under the Department of Correction ("DOC") Disciplinary Record ("DR") No. 1614/2021. (*Id.* ¶¶ 41-46).

4.  Nelson averred below that he later learned that each charge in DR #1614/21 were made in violation of DOC rules and were void. (*Id.* ¶¶ 47-63).

5.    Nelson averred below that on October 28, 2021, he was assaulted by an unruly inmate and sustained injury to his left knee.

6.    And that he continued working until December 6, 2021, when he called out sick for December 7, 2021. (*Id*. ¶¶ 72-77).

7.    Nelson averred before the district court that his collective bargaining agreement provided him with authorized leave from duty for the full period of any incapacity due to illness, injury or mental or physical defect. (*Id*. ¶¶ 79).

8.    Nelson averred before the district court that in late November 2021, Defendant Troxler contacted him and identified himself as a COBA lawyer who would be representing him in DOC DR No. 1614/21. (*Id*. ¶¶ 80-94).

9.    While Nelson was on authorized sick leave, and on or about December 27 or 28, 2021, Defendant Troxler worked with DOC and OATH officials by participating in an unauthorized and unlawful meeting under the guise of a pretrial conference.

10.   And acting as proxy for Nelson, to the benefit of DOC and OATH officials, without Nelson's consent. (*Id*. ¶¶ 95-97).

11.   Nelson averred before the district court that he was on authorized sick leave from December 7, 2021 to on or about mid April 2022. (*Id*. ¶¶ 98).

12.   On or about April 14, 2022, Nelson was served with amended charges bearing the same DR number: 1614/21. ((Id. ¶¶ 99-106).

13.   Nelson averred before the district court that he was never given a disciplinary hearing to adjudicate DOC DR #1614/21. (*Id.* ¶¶ 110-113).

14.   Nelson averred before the district court that on May 31, 2022, Defendant Troxler called Nelson and explained that he (Troxler) "made an arrangement with the [OATH] judge," and that "there was no need for them to go before the judge in person." Because he had settled a negotiated plea agreement ("NPA"). (*Id.* ¶¶ 114-115).

15.   At no time did any DOC lawyer or official contact Nelson regarding any NPA whatsoever.

16.   Nelson averred before the district court that he had learned that all city agencies were required to prepare and prosecute all of their own formal administrative proceedings, including removal and other disciplinary proceedings for misconduct or incompetency. And that OATH was not authorized to participate in or handle Section 75 adjudicatory hearings. (*Id.* ¶¶ 116-120)

17.   Nelson averred before the district court that Defendant Troxler emailed the NPA (that Troxler himself settled for a two year probation period along with a loss of 30 days) against Nelson. (*Id.* ¶¶ 121-123).

18.   Nelson averred before the district court that at "no time prior to May 31, 2022 did Nelson participate in any negotiations with DOC regarding the charges made against him in DOC DR #1614/2021."

19. And that no DOC offered or scheduled him to participate in any negotiations regarding the charges made against him. (*Id*. ¶¶ 124-126).

20. In their papers before the district court, the law firm defendants (i.e., Troxler and Joey Jackson law firm) wrote, "In furtherance of the Firm's obligation to legally and equitably represent Plaintiff, Defendant Troxler 'negotiated with DOC, and settled DR #1614/2021.' See Memorandum of Law in Support of its Motion to Dismiss the Complaint by Defendants Peter Troxler and Joey Jackson Law, PLLC (at ECF No. 29, p. 16 *para* 1).

21. The law firm defendants went on to write, "Indeed, it was Defendant JOEY JACKSON LAW, PLLC's paralegal and office staff that prepared and emailed the NPA to Mr. Nelson, directing him to sign it." (Emphasis in original). (*Id*.).

22. The law firm defendants admitted in their papers that Troxler engaged an OATH judge and, "made an arrangement with the judge." (ECF No. 29, p. 20 *para* 2).

23. No DOC official was involved in the negotiated plea agreement regarding DOC DR #1614/21; only Troxler and an unnamed OATH judge.

24. At no time did Troxler provide the name of the OATH judge that he negotiated with on DOC DR #1614/21.

25. In its Opinion and Order, the District Court wrote, "Nelson was afforded three different forums in which to present his case before he was terminated." (ECF No. 87, p. 11).

26.    Next the Court wrote, "First, Nelson and Troxler met with DOC officials in a 'pre-trial conference' in December 2021" (Citing, "AC ¶¶ 91, 95") (ECF No. 87, p. 11).

27.    Paragraph 91 of the FAC reads, "This too was confusing to Mr. Nelson because he knew that he would be on sick leave status and did not know why he would be scheduled for a pre-trial conference during that time period."

28.    Paragraph 95 of the FAC reads, "Thereafter, and on December 27 or 28, 2021 the Webex call was held (at: https://nyc-oath.webex.com/nyc-oath/j.php?MTID=m9076785855e74ba15b2a6ae8619773a4), and Troxler had Mr. Nelson's Section 75 disciplinary proceeding adjourned to May 2022."

29.    Next the Court wrote, "Second, Nelson agreed to accept a NPA in May 2022 rather than litigate his case in a disciplinary trial." (Citing, "AC ¶¶ 148") (ECF No. 87, p. 11).

30.    Paragraph 148 of the FAC reads, "With no other options offered to him by Troxler, Mr. Nelson then signed the NPA electronically to remain employed, but under great duress and complete confusion, and emailed the now signed NPA (¶ 120; Ex. 1) back to Defendant Troxler."

31.    Next the Court wrote, Nelson agreed to accept a second NPA in March 2023 rather than go to a disciplinary trial after subsequent disciplinary charges were filed against him." (Citing, AC "¶¶ 172, 181") (ECF No. 87, p. 11).

32. Paragraph 172 of the FAC reads, "It was on March 24, 2023 that Defendant Troxler emailed Mr. Nelson with a DOC Negotiated Plea Agreement form to sign, for DR #2266/2022."

33. The Court then wrote, "Even if Nelson was coerced by his attorney to sign the NPAs, as he alleges ... such pressure by a private attorney to forego formal hearings does not change the fact that the City offered Nelson these hearings in the first place. (ECF No. 87, p. 11).

34. But no city official or DOC official ever offered Nelson a hearing on DOC DR #1614/21 or on the second NPA.

35. It was only Troxler that engaged Nelson regarding the NPAs, and while Nelson was on authorized sick leave from duty pursuant to the provisions of the collective bargaining agreement that Troxler was supposed to enforce.

36. And it was only Joey Jackson law firm that prepared and emailed the NPAs to Nelson. Not any DOC lawyer or official.

## SUMMARY OF THE ARGUMENT

37. Nelson's argument before the district court was that he held his position by permanent appointment and that his removal was in violation of City Charter provisions and the procedures for removing him as set forth in NY Civil Service Law; that his wrongful and unlawful removal impacted his right to procedural due process of law, guaranteed under the due process clause of the Fourteenth Amendment to the Federal Constitution; that the law firm

defendants worked with City officials at OATH and DOC to effect Nelson's dismissal from service on disciplinary charges but without a hearing to adjudicate those charges.

## ARGUMENT

### POINT I

### THE DISTRICT COURT ERRED AND MISAPPREHENDED THE FACTS

38.    Nelson restates, reaver and incorporate by reference all of the foregoing allegations set forth above as if fully stated herein.

39.    The District Court's Order (ECF No. 87) misapprehended the facts and ignored the admissions made by the law firm defendants; which admissions support Nelson's claims that he was wrongfully removed.

40.    The record before the district court is devoid of any evidence that the City ever made any offer to Nelson to have a disciplinary hearing on DOC DR #1614/21.

41.    The district court ignored the fact that the unnamed OATH judge that Troxler admitted to negotiating with has not been identified to the Court or, to Nelson.

42.    There is no evidence in the defendant's papers or the record before the district court that shows the unnamed OATH judge had authority to act on Def. Molina's behalf and negotiate with Troxler.

43.   For the foregoing reasons, the District Court's order should be reversed.

## POINT II

### THE DISTRICT COURT ERRED IN NOT NAMING KATHLEEN S. THOMSON AS THE PERSON THAT TERMINATED NELSON'S EMPLOYMENT

44.   Nelson restates, reaver and incorporate by reference all of the foregoing allegations set forth above as if fully stated herein.

45.   The final determination to terminate Nelson's employment came from Defendant Kathleen S. Thomson. See FAC, ECF No. 42, p. 106.

46.   But the district court overlooked this fact and did not include any mention of this fact in its final order.

47.   The only mention in the district court's order of who terminated Nelson's employment is on page 9, where the Court wrote, "Nelson fails to allege any specific facts connecting Troxler's allegedly bad lawyering *with the City's decisions to put Nelson on probation and to ultimately terminate him.*" (Emphasis added). ECF No. 87, at 9 *para 3*.

48.   The district court also overlooked the fact that when Nelson sought reinstatement of his employment, that it was yet again Defendant Thomson who made the final determination and denied his reinstatement request. See FAC, ECF No. 42, p. 111.

49.   Defendant Thomson was not an officer or head of a city agency.

50.   Defendant Thomson was not the commissioner of Correction.

51.   Because Def. Thomas was not a "body or officer," as that phrase is defined in the NY CPLR: § 7802(a), Nelson could not pursue an Article 78 action against her determinations to terminate his employment or, which denied Nelson's reinstatement request.

52.   For these reasons, the District Court's order should be reversed.

## POINT III

**DEFENDANTS MOLINA AND THOMSON VIOLATED STATE LAW PROCEDURES AND CITY CHARTER PROVISIONS WHICH HAVE THE FORCE AND EFFECT OF LAW IN NELSON'S REMOVAL FROM SERVICE**

53.   Nelson restates, reaver and incorporate by reference all of the foregoing allegations set forth above as if fully stated herein.

54.   Nelson argued before the district court that only Molina possessed the power to remove him from service by dismissal, and only pursuant to Section 75 of the Civil Service Law for misconduct.

55.   But the district court overlooked this legal fact.

56.   The district court overlooked the fact that there is no evidence in the record showing that Def. Thomson acted on Molina's behalf in terminating Nelson's employment.

57.   Nor is there any proof in the record showing that Thomson was designated in writing to act on Molina's behalf in terminating Nelson's permanent employment.

58. And nothing in the termination letter or the reinstatement request denial letter shows that Thomson was acting on behalf of Molina.

59. For these reasons, the District Court's order should be reversed.

## POINT IV

### THE LAW FIRM DEFENDANTS PROVIDED EVIDENCE AND STATEMENTS IN THE PROCEEDINGS BELOW THAT THEY WERE WORKING WITH THE CITY DEFENDANTS

60. Nelson restates, reaver and incorporate by reference all of the foregoing allegations set forth above as if fully stated herein.

61. The law firm defendants work for the Union Defendants, not for Nelson.

62. The law firm defendants wrote that they prepared the NPA at their offices and emailed it to Nelson.

63. The NPA form is a DOC tool, and preparing it is a function of a DOC lawyer. See NYC DOC Directive #7505 entitled, "Resolution of Disciplinary Charges in the Conference Unit of the Legal Division."

64. The law firm defendants act as an arm of DOC and prepare and send out hundreds of NPAs to COBA members from their offices, in hundreds of disciplinary actions taken against other COBA members.

65. The law firm defendants act on behalf of the union defendants and at the direction of Boscio and COBA in hundreds of disciplinary actions taken against COBA members.

66.   But only Boscio, COBA and the law firm defendants know what is in their contract between them.

67.   Nelson contends that Boscio and the law firm defendants have a contract between themselves which details the duties of the law firm.

68.   And that said contract has never been shown to COBA members or Nelson when he was a member of COBA.

69.   Nelson had no role in the hiring of the law firm defendants.

70.   And the district court should have noted the fact that they acknowledged performing a DOC function in the preparing of the NPAs in Nelson's case.

71.   Moreover, the law firm defendants, in stating that they prepared the NPA in their office, clearly described a practice and not a random act.

72.   The law firm defendants also violated provisions in the collective bargaining agreement by acting as an arm of DOC and engaging Nelson with DOC business during Nelson's sick leave occasion.

73.   Nelson had a right to a hearing on DOC DR #1614/21 before being removed from service. See Civil Service Law § 75(1)(a), (2).

74.   Even assuming, *arguendo*, that Nelson could have brought an Article 78 case. Nelson did file his case in the district court within the four month statute of limitations (CPLR § 217) for bringing an Article 78 case; and the district court should have exercised supplemental jurisdiction over the state law claims and granted the relief sought of reinstatement with backpay. (CSL § 77).

## CONCLUSION

Nelson respectfully requests that this Court reverse the judgment of the district court with a finding of fact in favor of the appellant; reinstate appellant's Complaint, and with instructions to permit Nelson to amend his complaint to conform to the evidence and admissions made by law firm defendants during the proceedings below; that the District Court declare that Nelson was removed from service by Defendant Thomson; and that the Court should remand the case for a fair and impartial trial before an unprejudiced jury on proper evidence and under correct instructions as is just and proper.

Respectfully submitted,

Trois Nelson, Pro Se
Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

I, Troix Nelson, certify that this brief contains 14,000 words or less.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Troix Nelson
_____

**CERTIFICATE OF SERVICE**\*

Docket Number: __25-607__

v.

Kathleen S. Thomson, et at.
_____

I, __Troix Nelson_____, hereby certify under penalty of perjury that
           (print name)

on __May 9, 2025_____, I served a copy of __Appellant's Brief and Appendix__
    (date)

_____
(list all documents)

by (select all applicable)\*\*

___ Personal Delivery    ✓ United States Mail    ___ Federal Express or other
                  ___                                  Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| Rene Macioce, Esq. | 100 Church St | NY | NY | 10007 |
| Justin Jackson, Esq. | 5 Pennsylvania Plaza | NY | NY | 10001 |
| Lisa Shrewsberry, Esq. | Seven Skyline Drive | Hawthorne | NY | 10532 |
| Joey Jackson, Esq. | 5 Pennsylvania Plaza | NY | NY | 10001 |
| Name | Address | City | State | Zip Code |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

__05/09/2025__
    Today's Date                                     Signature

Certificate of Service Form (Last Revised 12/2015)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Troix Nelson

**CERTIFICATE OF SERVICE***

Docket Number: 25-607

v.

Kathleen S. Thomson, et at.

I, Troix Nelson , hereby certify under penalty of perjury that

(print name)

on 05/09/2025 , I served a copy of Appellant's Brief and Appendix

(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery      ✓ United States Mail      ___ Federal Express or other Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| James Moschells, Esq. | 233 Broadway, 23rd Fl. | NY | NY | 10007 |
| Dianna McCarthy, | 875 Third Ave. 5th Fl. | NY | NY | 10022 |
| Hailey Kaye, Esq. | 875 Third Ave. 5th Fl. | NY | NY | 10022 |
| | | | | |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

05/09/2025

Today's Date

Signature

RECEIVED
25 MAY -9 PM 10: 32
APPEALS

Troix Nelson, Plaintiff (Pro se)
1060 Sterling Place
Brooklyn, NY 11213

25-607

U.S. Court of Appeals
For the Second Circuit
40 Foley Square
New York, NY 10007